## DAISY B. LEHMAN

*v.*

## LESTER E. LEHMAN.

[Decided April 8th, 1911.]

In a suit for divorce on the ground of adultery the watching of a suspected husband, and suffering him to avail himself of an opportunity created by himself, without any previous knowledge or encouragement on the part of the wife, is not a connivance or consent on her part which will bar the divorce.

On petition for divorce. On exceptions to master's report adverse.

*Mr. Ralph E. Lum* (*Lum, Tamblyn & Colyer,* solicitors), for the exceptant.

EMERY, V. C.

This is a suit brought by the wife against the husband charging adultery. The suit is undefended and the proofs of the commission of the act charged are satisfactory, but the master reports adversely on the ground that the wife connived at the adultery. The facts upon which connivance is found are substantially these: The petitioner suspecting the fidelity of her husband, but having no proof of it, arranged with a detective office to follow her husband on the nights when the detectives were notified by her that her husband was absent from home. From a subsequent conversation of her husband over the telephone, which she overheard, petitioner thought he might be making an appointment, but with whom or where was not learned, and she proposed to have him followed. Knowing of her husband's habit of going automobile riding with a friend, petitioner went with her sister to the detective's office after her husband left their home, and with her sister and the detectives went in an automobile in a search for this friend's

automobile on one of the Essex county avenues and its road houses. Finding the automobile of which they were in search at a road house, the husband was seen there in company with a woman with whom he subsequently occupied a room. The wife with her sister and the detectives waited and watched the house and room, and subsequently all entered the room and surprised defendant and co-respondent under circumstances indicating sufficiently that the crime for which they had been seeking proof had been committed. These facts, the master finds, show that the conduct of the wife indicated an intent or willingness that the act of adultery might take place, or culpable negligence in not preventing it, and he concludes that in a recent case (*Delaney* v. *Delaney, 71 N. J. Eq. (1 Buch.) 246*) the court of errors and appeals laid down a rule that in such cases divorce must be denied and one which controls the present case.

The master seems to have taken a single clause of this opinion in the *Delaney Case,* applied without reference to the facts or issues in the case, as intended to put in concrete form a new rule in reference to acts of petitioner which would bar a divorce, on the ground of negligence or connivance. This clause of the opinion, as well as the whole opinion, is to be read with reference to the issues directly involved for decision, one of which was, whether the special act of adultery charged had not been brought about by conduct of the husband himself toward the wife, which conduct itself was the cause of or had a tendency to bring about the very act complained of. And it was this conduct of the husband toward the wife and the adulterer as being of itself an efficient cause of the crime, or itself contributing to the crime, which was held to bar relief. The effect of the mere watching the actions of the suspected wife, without her knowledge and without directly effecting and encouraging them, was not involved in the *Delaney Case,* or intended to be passed on. On the facts of the case the court found that the conduct of the husband toward his wife conduced or contributed as one of its effective causes to the commission of the crime complained of. To extend the bar of connivance to the mere act of watching the movements of a suspected spouse could not have been the intention of the court, for the question was not involved. In a previous case (*Warn* v. *Warn*

(*1889*), *59 N. J. Eq.* (*14 Dick.*) *642*), the same court had unanimously approved the opinion of Vice-Chancellor Reed, in which he stated that the facts necessary to constitute connivance must have a direct and necessary tendency to cause adultery to be committed, and this case was approved and not overruled in the *Delaney Case*. And in reference to the express point now involved, Chief-Justice Gummere, in a later case (*Inderlied* v. *Bullen* (*Supreme Court, 1910*), *77 Atl. Rep. 469*, stated: "A husband may properly watch his wife whom he suspects of that offence (adultery) in order to obtain proof of the fact, and such conduct does not constitute connivance," approving the principle stated in *Wilson* v. *Wilson, 154 Mass. 194.*

The distinction between the *Delaney Case* and the one in hand is, that in the *Delaney Case* the acts or conduct barring divorce as connivance, or consent, were such as themselves tended to bring about the act complained of, in the sense that they were in some sense and to some extent the efficient causes of the act and contributed thereto as cause to effect. All of the cases in our courts which have considered this defence of consent or connivance, have applied the doctrine to acts or conduct which were in themselves of such a character as to cause or tend to bring about the crime. *Hedden* v. *Hedden* (*Chancellor Zabriskie, 1870*), *21 N. J. Eq.* (*6 C. E. Gr.*) *61; Cane* v. *Cane* (*Chancellor Runyon, 1884*), *39 N. J. Eq.* (*12 Stew.*) *158; Warn* v. *Warn, supra.* This statement probably does not include all possible cases of connivance— a matter which is not within the scope of this decision—but, while giving the meaning of "connivance," or "consent," as it appears to be drawn from the decisions, I intend now only to decide that the watching of a suspected husband and suffering him to avail himself of an opportunity created by himself, without any previous knowledge or encouragement on the part of the wife, is not a connivance or consent on her part which would bar the divorce. This was the view taken by Vice-Chancellor Pitney in *Brown* v. *Brown, 62 N. J. Eq.* (*17 Dick.*) *62, 67*, and seems to be the general, if not universal, rule in other American courts. *9 Am. & Eng. Encycl. L.* (*2d ed.*) *830; Wilson* v. *Wilson, 154 Mass. 194, supra; 2 Bish. Mar. & D.* (*6th ed.*) § *9; 1 Nels. Div. & Sep.* § *485.* Under the English statute (*Matr. Causes act, 1857* §§ *29*,

*31*), "such willful neglect or misconduct as has conduced to the adultery," is a bar, as well as "being in any manner accessory to or conniving at the adultery," but while these clauses are much broader than our own act, which (section 28) bars divorce for adultery, if "the complainant was consenting thereto," I have found no case in the English courts in which the decision did not turn upon the construction to be placed upon acts or conduct of the petitioner which caused or had in themselves a tendency to bring about the crime charged.

The exceptions will be sustained and a decree of divorce advised.